# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| **PACKET TREAD LLC,**<br><br>      Plaintiff,<br><br>   v.<br><br>**CORTELCO INC.,**<br><br>      Defendant. | Civil Action No. 5:16-cv-<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Packet Tread LLC, by and through its undersigned counsel, files its Original Complaint for Patent Infringement and alleges based on knowledge as to itself and information and belief as to the Defendant as follows.

## THE PARTIES

1.     Plaintiff Packet Tread LLC is a Texas limited liability company with a principal place of business at 1400 Preston Rd, Suite 485, Plano, Texas 75093.

2.     Defendant Cortelco Inc. is a Delaware corporation with a principal place of business at 1703 Sawyer Road, Corinth, Mississippi 38834.  Defendant's registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

3.     This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

4.     Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5.     Upon information and belief, this Court has personal jurisdiction over Defendant because (i) Defendant conducts business in this Judicial District, directly or through intermediaries, (ii) at least a portion of the alleged infringements occurred in this Judicial

District; and (iii) Defendant regularly does or solicits business, engages in other persistent courses of conduct, or derives revenue from goods and services provided to individuals in this Judicial District.

6. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## THE PATENT-IN-SUIT

7. On October 30, 2001, the U.S. Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,310,864 ("the 864 patent"), entitled "Voice Echo Cancellation for SVD Modems." A true and accurate copy of the 864 patent is attached at Exhibit A.

8. Plaintiff is the owner and assignee of all right, title, and interest in and to the 864 patent, including the right to assert all causes of action arising under the patent and the right to sue for any and all past and future remedies for infringement of the patent.

## THE ACCUSED PRODUCT(S)

9. Defendant makes, uses, sells, offers for sale, or imports one or more products that infringe one or more claims of the 864 patent.

10. Defendant's Accused Product(s) is at least its Cortelco VP-530 Yealink IP Video Telephone with Integrated Audio, Video, and Applications.

11. Defendant provides instructions with its Accused Product(s) that enable its customers to infringe directly one or more claims of the 864 patent.

## COUNT I
## DIRECT AND INDUCED INFRINGEMENT OF U.S. PATENT NO. 6,310,864

12. Plaintiff incorporates by reference each of its foregoing allegations.

13. Without license or authorization and in violation of 35 U.S.C. §§ 271(a) and (b), (i) Defendant directly infringes one or more claims of the 864 patent in this District and throughout the United States, literally or under the doctrine of equivalents, and additionally, or in the alternative, (ii) Defendant actively induces the direct infringement of one or more claims of the 864 patent in this District and throughout the United States.

14. Defendant directly infringes at least claim 7 of the 864 patent in violation of 35 U.S.C. § 271(a) by, among other things, making, using, offering for sale, selling, or importing within this District and the United States its Accused Product(s), which under claim 7 of the 864 patent provide(s) a method of electrical communication via a first simultaneous voice and data modem (in a first of the Accused Product(s)) associated with a switching hub of a communications network, comprising the steps of:

> transmitting and receiving a modulated simultaneous voice and data signal (in the first of the Accused Product(s)) using the first simultaneous voice and data modem to and from a second simultaneous voice and data modem (in a second of the Accused Product(s)) located at an endpoint of the communications network;

> transmitting and receiving a voice signal using the first simultaneous voice and data modem to and from a communications device (in the second of the Accused Product(s)) via a switching network;

> transmitting and receiving a data signal using the first simultaneous voice and data modem (in the first of the Accused Product(s)); and

> canceling a voice echo originating in the switching network using an echo canceler associated with the first simultaneous voice and data modem (in the first of the Accused Product(s)), the voice echo experiencing a delay resulting from the modulation and demodulation of the simultaneous voice and data signal in the first simultaneous voice and data modem (in the first of the Accused Product(s)) and the second simultaneous voice and data modem (in the second of the Accused Product(s)).

15. Claim 7 is understandable to one of ordinary skill and the art, and one of ordinary skill in the art understands Plaintiff's theory of how Defendant's Accused Product(s) infringe claim 7 upon a plain reading of this Complaint, the 864 patent, and claim 7.

16. Plaintiff reserves the right to modify its infringement theory as discovery progresses in this case and does not intend to be estopped for claim construction purposes by its

preliminary infringement analysis as provided in this Complaint. Plaintiff's preliminary infringement analysis is not representative of its final claim construction positions.

17. Additionally, or in the alternative, Defendant is actively inducing the direct infringement of at least claim 7 of the 864 patent in violation of 35 U.S.C. § 271(b) by, among other things, knowingly and intentionally encouraging, aiding, and abetting direct infringement by providing instructions with its Accused Product(s) that inform its customers how to use its Accused Product(s) in violation of at least claim 7, as provided above, with the specific intent that its customers directly infringe at least claim 7 based on its knowledge of providing its instructions with its Accused Product(s) and that its customers are directly infringing at least claim 7 by following its instructions.

18. Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known that its Accused Product(s) directly infringe one or more claims of the 864 patent and that its instructions that it provides with its Accused Product(s) inform its customers how to infringe directly at least claim 7 of the 864 patent.

## **PRAYER FOR RELIEF**

Plaintiff requests the following relief:

A. Judgment that Defendant has infringed the 864 patent under 35 U.S.C. §§ 271(a) and (b);

B. An accounting of all infringing acts including, but not limited to, those acts not presented at trial.

C. An award of damages under 35 U.S.C. § 284 adequate to compensate Plaintiff for Defendant's past and future infringement, including any infringement from the date of filing of this Complaint through the date of judgment, together with interest and costs;

D. Judgment that this case is exceptional under 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorneys' fees and costs; and

E. Such further relief at law or in equity that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: July 9, 2016          Respectfully submitted,

           _____
           Peter J. Corcoran, III
           Texas State Bar No. 24080038
           **CORCORAN IP LAW, PLLC**
           2019 Richmond Road, Suite 380
           Texarkana, Texas 75503
           Tel: (903) 701-2481
           Fax: (844) 362-3291
           Email: peter@corcoranip.com

           *Counsel for Plaintiff*
           *Packet Tread LLC*